Welch, J.
The plaintiff, a Lawrence police officer who was suspended for two days, filed a civil complaint *51 in this court on February 10, 1999. In that complaint, the plaintiff sued, pursuant to G.L.c. 31, §42 for restoration of his back pay and benefits for the two-day suspension and that the discipline be deleted from his personnel file. The complaint alleges that the City and the Mayor (the two defendants) failed to provide a hearing on the plaintiff s suspension as mandated by the civil service statute c. 31, §41. That statute provides that with suspension of less than five days the appointing authority must, upon request, provide a hearing regarding that suspension within five days after the receipt the request for such hearing.[1]
The defendants have moved for summary judgment on the ground that this complaint was filed long after the six-month limitation period set forth in the last paragraph of c. 31, §42 had expired. That paragraph provides that any civil service employee who claims to have been illegally discharged, removed or suspended may file a civil complaint in the Superior Court within six months “next following such illegal act.” The statute also provides an extension of the six months statute of limitations should “the court upon a showing of cause extend such filing time.”
The undisputed facts, or the facts in the light most favorable to the plaintiff are as follows. By letter dated October 8, 1997, the Lawrence Police Chief suspended plaintiff David Padellaro, a Lawrence police officer for two days. The suspension letter notified the plaintiff that he had a right to request a hearing. Such a hearing was requested by a letter from the plaintiffs attorney dated October 10, 1997. The initial date for the hearing was set for October 15, 1997 (i.e. within the five days required by the statute). That hearing was apparently postponed by mutual agreement and rescheduled for October 30, 1997. Prior to that rescheduled hearing date, on or about October 24, 1997, the City sent the plaintiffs attorney information concerning the alleged incident underlying the suspension. That letter also stated that there was a “video/audio tape of this incident which requires non-standard equipment to play and copy. This equipment is currently not available to the Lawrence Police Department but I am informed will be available within the next five-six days . . . This situation necessitates a postponement of the hearing currently scheduled for October 30, 1997 ...” Reading the affidavit of plaintiffs counsel, generously, the plaintiff then made further requests for a hearing regarding the suspension that he had already served. That suspension was served October 15 and 16, 1997. Despite at least implicit assurances by the City that a hearing would be held, no hearing ever was scheduled. Sometime in February of 1999, counsel for the plaintiff was informed by the City for the first time that the City did not intend to provide a hearing on this matter. Shortly thereafter, the plaintiff filed this complaint.
Taking all of the plaintiffs assertions as true, as one must at this summary judgment stage, the motion must still be granted because any fair reading of c. 31, §42 indicates that the six-months statute of limitations has expired. Section 42 provides that the Superior Court shall have jurisdiction for the reinstatement of any person alleged to have been illegally suspended. That civil action is required to be “filed within six months next following such illegal act.” The phrase “illegal act” relates to the illegal suspension. Therefore, the plain wording of the statute would relate to the suspension which occurred on October 15 and 16 of 1997. Thus, the six-month period began on October 16, 1997 and the plaintiff filed his complaint nearly ten months after the six-month statute had expired. Even if one expansively interpreted §42 to provide a cause of action should the appointing authority intentionally fail to offer a hearing as required by statute, the six-month statute of limitation would begin to run on the last date that the hearing was required by statute (i.e. five days after the request for such hearing).[2] Using this calculation the six-month statute of limitation began on October 15, 1997. Again, the plaintiffs complaint was filed approximately ten months too late.
The plaintiff s attempt to argue some sort of “discovery” extension to the statute of limitation is unavailing. The plaintiff argues that he only discovered that the City was not going to provide him the long-promised hearing as of February 1999 and then he promptly filed this complaint. The discovery doctrine, although applicable in other contexts, is not applicable here. The civil service statute sets forth explicitly when the hearing is to be provided, namely five days after the written request. In addition, the plaintiff plainly knew of the two days which he was suspended. Therefore, the plaintiff knew of the dates when the alleged wrongs occurred.
The plaintiffs related estoppel type argument is equally unavailing. The allegations that the City strung the plaintiff along with a series of false assurances for a hearing is troubling. The plaintiff, however, was represented by counsel throughout this period. The civil service provisions are clear. There is no reason to assume that plaintiff was in some way unaware of these civil service protections. Yet, the plaintiff waited for a remarkably lengthy period (nearly 16 months after his suspension) before getting around to filing a civil complaint. Although this court is allowed, under the statute, to exercise its discretion upon a showing of cause to extend this six-month filing time, this is not such a case. Extending the six-month filing time to a period of 16 months would be, under the facts of this case, unwarranted.
Therefore, this court concludes that the statute of limitations period ran before the filing of this complaint. This court does not have jurisdiction over this matter pursuant to c. 31, §42. The defendants’ motion for summary judgment must be granted.

 Nhe statute permits the suspension (of less that five days) *52 to take effect before the hearing. In this case, the suspension began on October 15 and concluded October 16, 1997.

Such a broad interpretation appears unwarranted given the wording and structure of section 42. That section provides that a party may appeal to the civil service commission if the appointing authority “has failed to follow the requirements of section 41" (e.g. failure to provide a timely hearing), but grants the Superior Court jurisdiction only to consider allegedly illegal suspensions, demotions, or firings. Thus, this court does not have jurisdiction, at least under section 42, to consider all possible deviations from the civil service requirements but only those which constitute job loss, suspension or demotion.